**Donnie WOODCOCK, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary, Department of Health and Human Services, Defendant.**

**Civ. A. No. 81–0150–0(G).**

United States District Court,
W.D. Kentucky,
Owensboro Division.

Feb. 17, 1983.

Edward S. Mayer, Louisville, Ky., for plaintiff.

Alan E. Sears, Asst. U.S. Atty., Louisville, Ky., for defendant.

**ORDER**

JAMES F. GORDON, Senior District Judge.

Before the Court is the Secretary's third motion for an extension of time within which to file its response to the claimant's motion for summary judgment. The Secretary's motion is granted; the Department of Health and Human Services has through March 5, 1983 to file its response. We add the following remarks.

This claim was filed, seeking review of the Secretary's denial of disability and supplemental security income benefits, on September 3, 1981. The Secretary answered and filed a transcript of record on November 4, 1981. On September 17, 1982, having heard nothing from either side in the interim, this Court entered an order giving each party 30 days "in which to file any desired motions, including motions for summary judgment, with the non-moving party to respond thereto within 45 days thereafter, at which time the matter will stand submitted for decision."

Thirty-five days later, the plaintiff filed an untimely motion for summary judgment. Forty-seven days later, the Secretary filed his first untimely motion for an extension, seeking through January 6, 1983, "due to delay in receiving information necessary to prepare the response." That motion was granted. On January 11, 1983, the Secretary filed his second untimely motion for an

extension, seeking through February 5, 1983, again "due to delay in receiving information necessary for preparation of said response." That motion was also granted, but we specifically noted that "further requests for extensions in this matter will be viewed with a grim and jaundiced eye." On February 8, 1983, the Secretary filed his third untimely motion for an extension, once more "due to delay in receiving information necessary for preparation of said response."

In a recent Order filed after a similar pattern of extensions in another disability benefits claim, we indicated that this Court no longer intends to grant the Secretary the multiple extensions that routinely are requested in these cases. *Peveler v. Schweiker,* —— F.Supp. —— (W.D.Ky.1983) (granting the Secretary's motion for an extension). We realize that the Secretary has a formidable task in administering the thousands of claims filed annually challenging his denial of Social Security benefits. And we do not want to cause any claimants to reap undeserved windfalls at the expense of both taxpayers and rightful beneficiaries of the Act's compassionate purposes.

Still, this situation has gotten out of hand. The Secretary's requests now uniformly plead delays in receiving necessary information. But no one ever bothers to explain what that information is or why it is important. Meanwhile, claimants who are poor and sick and struggling to provide for themselves languish because of bureaucratic delays that violate court rules and statutory deadlines.

As we discussed in *Peveler, supra,* our refusal to grant additional extensions routinely will not mean that defaults will be entered against the Government in contravention of Fed.R.Civ.P. 55(e). We still intend to examine the administrative record for ourselves, and we will not award benefits in any case unless, as required by the statute, 42 U.S.C. § 405(g), we determine that the Secretary's decision is not. supported by substantial evidence in the record as a whole. Nonetheless, we are prepared to proceed in the future without the fo-

cused arguments of the Secretary's counsel to help us as we adjudicate. No longer will the Secretary be able to obtain all the time he wants to counter a claimant's arguments or to establish that the agency's administrative decisions were supported by substantial evidence.

SO ORDERED.